**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Vincent J. Williams,** | ) | **CASE NO. 1:26 CV 00296** |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **Patricia Stipek, et al.,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendants.** | ) | |

*Pro se* Plaintiff Vincent J. Williams filed this civil rights action under 42 U.S.C. §§ 1983 and 1985 against Patricia Stipek, Ohio Bureau of Criminal Investigation; Cleveland Police Sergeant Antonette McMahon; Assistant Prosecutor Maxwell Martin; Assistant Prosecutor Marcus Henry; Judge Richard D. Reinbolt, Jr.; Attorney Stephen McGowan; Attorney Donald Butler; Attorney Kevin Cafferkey; Attorney Rufus Sims; Attorney John P. Luskin; Judge John D. Sutula; Attorney Jeffrey Richardson; Deputy Sheriff Brian Kovalak; and Judge John J. Russo. (Doc. No. 1).

Plaintiff also filed an application to proceed *in forma pauperis*. (Doc. No. 2). The Court grants that application.

**BACKGROUND**

In this complaint, Plaintiff challenges his arrests and convictions in the Cuyahoga

County Court of Common Pleas for gross sexual imposition (Case No. CR-15-596260), failure to verify address (Case No. CR-23-682452-A), and failure to register (Case No. CR-25-699971-A). (*See* Doc. No. 1 at 10-12).  Plaintiff objects to evidence presented in Case No. CR-15-596260, including an interview conducted by Patricia Stipek and witness identification. He claims that the cold case investigators abandoned the real suspect, the criminal process was fabricated to seize Plaintiff, Plaintiff was kidnapped across state line without lawful process, Defendants suppressed evidence, Judge Russo permitted an illegal detention, the court held secret hearings, the court used court-appointed counsel as a weapon, Plaintiff's jurisdictional challenges were suppressed, judges recused themselves because of fraud, and the court lacked jurisdiction over Plaintiff's case. (Doc. No. 1). Plaintiff also claims that Case No. CR-23-682452-A, his conviction for failure to verify his address, was a "continuing wrong arrest," and the court continued to suppress jurisdictional defects. (*Id.* at 11-12). Finally, Plaintiff claims that Case No. CR-25-699971-A, his conviction for failure to register, was a "continuing conspiracy." (*Id.* at 12).

Under 42 U.S.C. § 1983, Plaintiff alleges unlawful arrest and search in violation of the Fourth Amendment, fabrication of evidence and due process in violation of the Fourteenth Amendment, denial of self-representation in violation of the Sixth Amendment, and retaliation "and continuing prosecution" in violation of the First Amendment. (*Id.* at 14). Plaintiff also alleges in a conclusory fashion that Defendants conspired to deprive Plaintiff of his constitutional rights "through sham legal process and continuing prosecution" in violation of 42 U.S.C. § 1985. (*Id.*).

Plaintiff seeks monetary damages, an order enjoining Defendants from enforcing the

-2-

registration requirements imposed in Case No. CR-15-596260, and an order vacating his conviction in that case.

## STANDARD OF REVIEW

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). The district court, however, is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 328, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but he or she must provide more than "an unadorned, the defendant unlawfully harmed me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action

-3-

will not meet this pleading standard. *Id.* The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986).

In reviewing a complaint, the court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

### DISCUSSION

Plaintiff's complaint purports to assert claims calling into question the validity of his criminal convictions and he seeks immediate release from his sentence. The Supreme Court has held that a civil rights action under 42 U.S.C. § 1983 is not an appropriate vehicle for a prisoner to challenge a state conviction or sentence. Rather, where a prisoner is challenging "the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973). Therefore, Plaintiff cannot overturn his convictions and be relieved from his sentence in a civil rights action under 42 U.S.C. § 1983.

Additionally, to the extent Plaintiff is seeking damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid under 42 U.S.C. § 1983, he must first show that the conviction has already been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a court's issuance of a writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477, 486, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994).

*Heck* has been extended to claims under Section 1985, *see Lanier v. Bryant*, 332 F.3d 999, 1005-1006 (6th Cir. 2003), and applies whether a plaintiff seeks injunctive or monetary relief, *see Wilson v. Kinkela*, No. 97-4035, 1998 U.S. App. LEXIS 9341, 1998 WL 246401, at *1 (6th Cir. May 5, 1998). Here, there is no suggestion in the complaint that Plaintiff's convictions have been set aside or invalidated in any of the ways articulated in *Heck*. Plaintiff's complaint for damages must, therefore, be dismissed. *See Wright v. Kinneary*, 46 Fed. App'x. 250, 252 (6th Cir. 2002) (citing *Heck*, 512 U.S. at 486-87).

Moreover, even if Plaintiff could challenge his convictions in a civil rights action, the judges named as defendants are absolutely immune from suit. It has been established repeatedly that judicial officers are generally entitled to absolute immunity from civil suits for money damages. *Mireles v. Waco*, 502 U.S. 9, 9, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). They are accorded this broad protection to ensure that the independent and impartial exercise of their judgment in a case is not impaired by the exposure to damages by dissatisfied litigants. *Barnes*, 105 F.3d at 1115. For this reason, absolute immunity is overcome only when (1) the conduct alleged is performed at a time when the defendant is not acting as a judge; or (2) the conduct alleged, although judicial in nature, is taken in complete absence of all subject matter jurisdiction of the court over which he or she presides. *Mireles*, 502 U.S. at 11-12; *Barnes*, 105 F.3d at 1116. A judge will not be deprived of immunity even if the action at issue was performed in error, done maliciously, or was in excess of his or her authority. *Stump v. Sparkman*, 435 U.S. 349, 356, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978); *Sevier v. Turner*, 742 F.2d 262, 271 (6th Cir. 1984) (merely acting in excess of authority does not preclude immunity).

Here, there is no suggestion in the complaint that the judges were acting in any capacity other than that of a judicial officer when the conduct alleged in the complaint occurred or that the judicial officers acted clearly outside of the subject matter jurisdiction of the court over which they preside. Judges Reinbolt, Sutula, and Russo are, therefore, absolutely immune from damages in this action.

Likewise, prosecutors are immune from suit. Prosecutors are absolutely immune from liability under Section 1983 for their conduct in "initiating a prosecution and in presenting the State's case." *Burns v. Reed*, 500 U.S. 478, 486, 111 S. Ct. 1934, 114 L. Ed. 2d 547 (1991) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 431, 96 S. Ct. 984, 47 L. Ed. 2d 128 (1976)). So long as the prosecutor was engaged in prosecutorial functions, he or she is absolutely immune regardless of whether he or she undertook actions maliciously, in bad faith, or with an improper motive. *See Imbler*, 424 U.S. at 427 & n.27, 431 & n.34 (prosecutor immune after knowingly presenting perjured testimony and suppressing exculpatory evidence at trial); *Joseph v. Patterson*, 795 F.2d 549, 555 (6th Cir. 1986) (prosecutor immune after "knowingly obtaining issuance of criminal complaints and arrest warrants . . . based on false, coerced statements"); *Grant v. Hollenbach*, 870 F.2d 1135, 1139 (6th Cir. 1989) (prosecutor immune for deciding to investigate and conspiring to present false charges to the grand jury, allegedly to satisfy a campaign promise to be tough on child abuse).

Plaintiff presents no facts suggesting the Cuyahoga County Assistant Prosecutors acted outside the confines of their prosecutorial roles. Assistant Prosecutors Martin and Henry are, therefore, absolutely immune from suit.

Nor can Plaintiff establish a Section 1983 claim against his former court-appointed

attorneys. To state a claim upon which relief can be granted under Section 1983, a plaintiff must allege that (1) a right secured by the Constitution or a federal statute has been violated, and (2) the violation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42,48,108 S. Ct. 2250,101 L. Ed. 2d 40 (1988); *Baynes v. Cleland*, 799 F.3d 600, 607 (6th Cir. 2015) (citations omitted). A public defender or a court-appointed defense counsel, while acting in that capacity, is not a state actor for purposes of Section 1983. *Polk County v. Dodson*, 454 U.S. 312, 321,  [*420]  70 L. Ed. 2d 509, 102 S. Ct. 445 (1981); *White v. Robertson-Deming*, 9 F. App'x 418, 419-20 (6th Cir. 2001) (court-appointed lawyers are not state actors for purposes of § 1983).

Finally, while Patricia Stipek, Sergeant McMahon, and Deputy Kovalak arguably may be considered state actors for purposes of a Section 1983 action, Plaintiff did not state a plausible claim against them. He states that Stipek and Sergeant McMahon "never requested or documented any suspect description," they "intentionally failed to compare the Plaintiff to suspect descriptions," and Deputy Kovalak filed a criminal complaint for failure to register. (Doc. No. 1 at 4, 12). He appears to claim that this conduct constitutes a conspiracy as "Defendants agreed and acted in concert to deprive Plaintiff of constitutional rights through sham legal process and continuing prosecution." (*Id.* at 14). These bare, conclusory assertions are not sufficient to state a claim upon which relief may be granted. *Iqbal*, 556 U.S. at 678.

### CONCLUSION

Accordingly, the Court GRANTS Plaintiff's application to proceed *in forma pauperis* (Doc. No. 2) and DISMISSES the action pursuant to 28 U.S.C. §1915(e). Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be

made in good faith.

IT IS SO ORDERED.

PATRICIA A. GAUGHAN
United States District Judge

Date: 5/12/2026